UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Christopher M. Palermo

    v.                        Civil No. 13-cv-232-JL

New Hampshire State Prison et al.[1]

**O R D E R**

    Christopher M. Palermo has filed a complaint (doc. no. 1) asserting that defendants have improperly infringed on his right to practice his religion, as protected by the First Amendment Free Exercise Clause, the Fourteenth Amendment Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a).

Standard

    In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in

---

[1] In addition to the New Hampshire State Prison ("NHSP"), Palermo names the New Hampshire Department of Corrections Commissioner William Wrenn, NHSP Warden Richard Gerry, and NHSP Chaplain James Daly, as defendants to this action.

the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

<u>Claims</u>

Palermo asserts that defendants have failed to: (1) recognize his religion; (2) provide him with sacred religious items; (3) provide him with a diet consistent with the requirements of his religion; (4) allow him to receive religious posters; and (5) allow him group worship.  As a result, Palermo claims that his rights under the Free Exercise Clause, the Equal Protection Clause, and RLUIPA have been violated.  Seeking damages and injunctive relief, Palermo sues the individual defendants in their individual, official, and supervisory capacities.

<u>Service of Complaint</u>

Applying the appropriate standard for screening under 28 U.S.C. § 1915A, this court finds that Palermo has alleged sufficient facts in the complaint to state plausible claims under the First Amendment Free Exercise Clause, the Fourteenth Amendment Equal Protection Clause, and RLUIPA.  Accordingly, the court directs service of the complaint on defendants NHSP, New

Hampshire Department of Corrections Commissioner William Wrenn, NHSP Warden Richard Gerry, and Daly.  The clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of this order and the complaint (doc. no. 1).

Within thirty days from receipt of these materials, the AG must submit an Acceptance of Service notice to the court specifying whether all of the defendants have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for all defendants who accept AG representation.

If defendants do not authorize the AG to receive service on their behalf, or the AG declines to represent any or all of the defendants, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of those defendants.  In that event, the clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with copies of this order and the complaint (doc. no. 1), to the United States Marshal for the District of New Hampshire, to complete service on those defendants in accordance with this order and Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).  Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated:  February 4, 2014

cc:  Christopher M. Palermo, pro se