**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Christopher M. Palermo

    v.                                    Civil No. 13-cv-232-PB

Richard Gerry, Warden,
New Hampshire State Prison et al.


## REPORT AND RECOMMENDATION


    Plaintiff, Christopher Palermo, has taken no action in this
case since June 30, 2014, when he was transported to this court
for a pretrial conference.  Palermo last filed a document in
this case on July 3, 2013, when he filed his Certificate of
Custodial Institution to complete his in forma pauperis
application.  On June 8, 2015, this court issued an Order (doc.
no. 20) directing Palermo to file either a notice stating that
he could and would diligently prosecute this case, or a motion
to voluntarily dismiss the case.  The court warned Palermo that
failure to respond to the Order by June 19, 2015, might result
in a dismissal of this case for failure to prosecute.  Palermo
has not responded to the Order

**Discussion**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). The failure to diligently prosecute a case also supplies a basis for sua sponte dismissal of a complaint. Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

The court, mindful of "the strong presumption in favor of deciding cases on the merits," García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), considers the totality of the circumstances in determining whether dismissal is appropriate. See Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004). In particular, the court considers whether: (1) plaintiff prosecuted his claims diligently prior to his apparent abandonment of the lawsuit; (2) the court fairly warned plaintiff of its inclination to dismiss absent diligent prosecution; and (3) the ramifications of the plaintiff's failure to prosecute "constituted misconduct sufficiently

2

extreme to justify dismissal with prejudice."  Id. internal quotation marks and citations omitted).

Here, aside from filing a complaint and in forma pauperis application in 2013, and appearing at a scheduled hearing in June 2014, plaintiff has not diligently prosecuted, or even participated, in this case.  Palermo has responded neither to a motion to dismiss nor to a motion for summary judgment.  The court has issued Orders setting forth clear expectations for plaintiff's compliance with procedural rules applicable to this matter, setting forth clear deadlines by which to do so, and, ultimately, advising plaintiff that his failure to comply with those orders or otherwise prosecute this action might result in dismissal of the case.  See Doc. Nos. 18 and 20.  Palermo has failed to respond to these Orders or to otherwise prosecute this case.  Accordingly, the district judge should dismiss this matter for failure to prosecute.

The court next considers whether dismissal should be with prejudice.

> Dismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.... [W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits.

3

Pomales v. Celulares Telefónica, Inc._, 342 F.3d 44, 48 (1st Cir.
2003) (internal citations and quotation marks omitted).  In
considering these factors, the court finds that a dismissal with
prejudice is not warranted.  Accordingly, the district judge
should dismiss this case without prejudice.

## Conclusion

For the foregoing reasons, the court recommends that this
matter be dismissed without prejudice for failure to prosecute,
and the pending motions to dismiss (doc. no. 14) and for summary
judgment (doc. nos. 15 and 16) be denied as moot.  Any
objections to this report and recommendation must be filed
within fourteen days of receipt of this notice.  See Fed. R.
Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617
F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

June  24  , 2015
cc:  Christopher M. Palermo, pro se
     Francis Charles Fredericks, Esq.

4